Good morning, Your Honor. May it please the Court, Mark Lindsay for the appellant, Pinnacle Restaurant at Big Sky, LLC in Montana, Opticom, LLC. I'd like to try to reserve, if possible, two minutes for rebuttal. Your Honor, before I get to really what the substantive issues on appeal are, I think the Court is aware that the appellees have raised in their brief their argument that this appeal is moot pursuant to Section 363M of the Bankruptcy Code. I assume we should address that first, so I'd like to talk about that a bit. Well, there was no stay here that was sought, right? Pardon me, Your Honor? No stay. There was no stay here. That's correct, Your Honor. There was no stay. And does that trigger the mootness doctrine because of that? Generally speaking, if there is no stay of an authorization to sell property under 363B or 363C, a stay should be requested and put in place, and an appeal may be deemed moot if that doesn't happen. So why is there an exception here? The exception here, Your Honor, is for a number of reasons, and I think just the statutory language, number one, proves that out, and then there's also case law, which I can discuss, that also addresses the particular circumstances of this case. First of all, as we've briefed, we are not appealing a sale authorization under 363B or 363C, which is specifically the language of 363M. It requires it to be a sale authorization under 363B or 363C. That's not what we're appealing. We're not appealing the sale itself, the validity or the finality of the sale. We're only appealing a subsequent order that was a determination of my client's rights in the property itself. You're only trying to save the two leases, of course. Correct. In addition to that, what I think is most important here is that the sale order expressly, with the consent of Cross Harbor, the appellees, expressly reserved this issue to be determined at another time. So they were perfectly willing and knowingly went forward with the sale with that uncertainty there, knowing that at some day the issue of my client's rights would be determined in another proceeding. I think that's what's different, and that's what distinguishes this matter from all of the case law that Cross Harbor cites to. They cite to numerous cases that really just, I think, set forth the general rule of what 363M can do in finding an appeal moot. So there's a difference between a statutory mootness argument and an equitable mootness argument. It seems that you conjoined the two. I mean, these are separate conceptual matters, are they not? Why would this not be equitably mooted? Well, first of all, Cross Harbor specifically states that it is not arguing for equitable mootness. They expressly state that in their briefs, that they are only seeking mootness under the statutory section 363M. You don't have to go on with that. You know, what puzzles me about this is that the district court came to a conclusion that this was a 363 dynamic and not a 365, based upon these facts that the district court found. Obviously, this lease seems to be one that's home-cooked and that's within the same group of people, and for the reasons set forth in the facts that the district court found, which I guess we have to support as an appellate court, the district court said, well, this flops into 363 and not 365. Conceptually, that troubles me because I know there's this big debate out there in that world, that bankruptcy world, about 363, 365, but do we make that determination based upon particular facts of a particular case, or is there some pristine analysis that we have to engage in? And I'm not a bankruptcy maven, but I'm a little bit confused about that. Well, that's a very good question because that is much of a question. I try to ask good questions only. I'm afraid I won't be invited back again if I don't do that. But I do think that there is a more – it would be more aligned with a pristine analysis of those two code sections when they're both implicated, and we have a case here where they are both implicated. We have a 363 authorized sale. We also have leases that were rejected triggering my client's rights. When were they rejected? I don't see a 365 rejection proceeding here. Maybe you can educate me about that. There is a vehicle by which you can seek to have a lease rejected by a trustee. I guess you trigger an application. You have some time constraints within which to do that. That wasn't done here at all, if I read the record correctly. Actually, it was, Your Honor, subsequent to the sale. After the sale. After the sale because the sale order preserved this 365H issue. Then in order for that issue, I think, to proceed, the trustee then specifically moved to reject the leases, and my clients exercised their 365H rights. How does that work? How does a – you can educate me. How does a rejection dynamic work in terms of the real world, how it unfolds, compared to an asset sale under 363? I just want to be clear that I understand what separate places each of these concepts play in the bankruptcy world. I think generally when they're both not implicated, you would have a 363 sale that would most likely involve a divestment of all liens, How can they not be implicated? I mean, any sale is going to tantamount to be a rejection of the lease, right? Well, it's not so much a rejection as it's – because rejection – the reason is rejection results in special rights under 365H. Those types of rights don't exist under 363. It's just a divestment of a lease or a lien or any other type of claim. And that's when assets are being sold from the estate. Generally, 365H is implicated when a trustee or a debtor decides that it's not necessarily selling its assets, but it doesn't want this lease. So it's going to reject this particular lease. The lessees, and Congress has enacted this just specifically for this reason, so as not to deprive a lessee of its rights, is then able to elect to remain in possession. But that did not happen here at all. This did happen, Your Honor. Well, when did it happen? After the sale, you tell me? It happened after the sale. The sale, again, preserved this issue, and then that issue proceeded afterwards when the trustee moved to reject the lease. I thought the sale authorization preserved the issue. That's correct, Your Honor. I don't mean to quibble with you, but is there something in the sale agreement that says this is subject to the lease or to further determination? Again, I'm not trying to quibble with you at all. I'm just trying to understand from the perspective of the buyer, if you are there buying the property, I would think you would look at the documents and see, you know, am I buying this property subject to a lease? I mean, the property is worth a different amount of money if it comes encumbered by a lease or subject to a potential lease that could be resolved later by the court. Right. I'm just – I'm not sure if this is positive, but I'm just wondering, is there anything in the – I can tell you that the record shows that Cross Arbor testified that they believed that they were purchasing the property. That was the condition of the sale, that it would be free and clear of leases. There was rebuttal testimony from the trustee in the case actually saying that he didn't believe that to be the case. That is essentially the whole of the testimony. My question was about the sale documents. I assumed there was a sale, an order, you know, something transferring property. I don't exactly know how this works. And does a bankruptcy court issue a deed of sale? I'm not sure how this – They wouldn't issue a deed. There would be a closing following the sale. But the bankruptcy court – It's something that you can take and file with a county clerk, right? It's just a bankruptcy court order that authorizes a sale and sets forth the terms on which that sale is to proceed. So after the sale, you have to look at the chain of title, right? There must be something that is then filed with a registrar, county clerk, wherever the title records are filed, right? What is that document? I believe that's – I believe that would be a deed, Your Honor. And that's created by the bankruptcy court? Excuse me? The deed is created by the bankruptcy court? I don't believe it's created by the bankruptcy court. I think the trustee would be involved in the creation of that document. Mr. Wallach could correct I wasn't involved in that process. His client was the buyer, but I think that's the case. Does that document reflect the existence of a lease? Or does the order authorizing the sale – The order authorizing the sale governs what title they are getting. Regardless of what that lease says, the bankruptcy court order governs what title they got. And the title that they got was subject to the determination of this lease issue. Can you point me to the precise language of the bankruptcy court order upon which you are relying? Yes. I've got your brief. I've got some ERs here. If you've got it in your brief, that's the easiest way for me to do it. I've got the order. Put it in the red brief. If you can tell me where in the order it is. Yeah. This is the – Yes, Your Honor. And if you've got it, just even page one of our brief, the very last paragraph. The sale order – Where is it in the – Page one of our brief. Where is it in the ER? Where is the actual – It's ER 323-24. Okay. Hold on a second. Let me get that. Okay. Okay, where – I'm on 323. What paragraph? I believe it's at the bottom of the page where you begin. So we're all looking at the same page. Your co-counsel is handing you something. Yes. At the bottom of the page you'll see the – Which page? Page five, ER 323. Okay, I'm there. It's paragraph I. And you'll see it says, the assets are proposed to be free and clear of any interest, it's a defined term, including any of the following. And then on the following page it goes on to list all the interests that are being divested by the sale. So the buyer is getting this, the property free and clear of all of these interests. If you go to the middle of paragraph i, you'll see a parenthetical that says, except any right a lessee may have under 11 U.S.C. section 365H with respect to a valid and enforceable lease, all is determined through a motion brought before the court by proper procedure. So what that does is it accepts that right. It says that if you're a lessee and it's later determined that you have a valid right under 365H, that right is not accepted. It's not being divested by this. So there was never any determination as to the validity of that lease at all under 365? Not at this time. And that still exists, that's still out there in the ether right now, is what you're saying, right? Part of, in the briefing you'll see there's, it was later, the validity was later questioned in the proceeding,  when the validity of the lease was questioned under 365, which is what you're saying happened. Well, there was a debate as to that. I think that the, I don't know that the bankruptcy court ever made a distinct finding on that issue, but it went through numerous, I would say, factual issues that seemed to play into it, the totality of the circumstances standard that it eventually came to in the end. But the bankruptcy court made a determination that the lease was not going to be sustained anymore. I mean, there's a determination that they said 363 applies, this is an asset sale, and that lease is renegatory as a result of that. I mean, am I reading the decision correctly? Did the bankruptcy court make that determination? The end result of the bankruptcy court's decision was, that was the end result of the bankruptcy court's decision, yes. And the district court agreed with that, right? The district court agreed with that. So there was a determination that the lease was basically to be subsumed by the asset sale, right? Yes. As I read this language, it's a little bit ambiguous. I mean, which is why I wanted you to, so we could all focus on it. Leases, parenthesis, except any right a lessee may have, not that the lessee has a right, but may have, and there had been no motion to reject the lease prior to this time, so why is there a right that persists if we're well after the sale and now a motion to reject the lease is made? Why is that still a valid right under 365H? Well, because nothing in the sale order would have terminated any leases, and specifically because it was reserved for that issue to be determined. The parties agreed these lease issues will be determined in another proceeding. That's why that parenthetical was in there. It may not be worded as articulately as maybe it should have been, but that's why it's there, because everyone agreed that we're not deciding this lease issue today. We're saving it for another day. Well, that's what confuses me, because you just told me before that that issue was resolved by the bankruptcy court and the district court in this particular proceeding, so I don't know what other proceeding you're talking about. Well, I'm talking about the sale proceeding, which is where the sale authorization order comes from, and the sale authorization order, which we were just looking at, is the document that preserves this issue that ended up being in this proceeding. But the district court specifically made findings that would be tantamount to rejection of the lease, I suspect, right? And as a result of that, it said this is a 363 sale. What am I missing? Well, there certainly was a 363 sale. That absolutely occurred, but then the 365H rights were implicated, and that's where the interplay between these two sections comes into effect, and that has been where all of the argument on both sides of this issue has come down. And the court knows that there are essentially two lines of thinking on this issue, and that is the issue that we have. There is what has become known as the majority position, which we believe to be the accurate position or the more rational position, and what's known as the minority position, which Cross Harbor. So whether there was a lease rejection or not, it's an irrelevancy, because if it's 363 that applies, then that's really what we have to determine, whether the so-called minority or the majority position is applicable here. It has nothing to do with the issue of lease rejection and the 365. Well, it does, because both the majority and the minority positions discuss both those two sections. That's the issue before both of all of the courts addressing those two lines of cases. I don't understand your argument now, because if you're right in the argument you're making as to how we're supposed to review this order, the one we've just been looking at, there's no tension between 365H and 363F, because the sale is subject to the right of 365H. It's been saved, so we don't have a free and clear sale that purported to eliminate it. So if we agree with your reading, I don't get to the majority or minority position. The 365H rejection of the lease procedure has been saved. Well, I agree it's been saved, but I apologize if I misled you to think that this sale order that we just looked at is the order that's on appeal, because it is not. No, I understand that. Okay. So what is on appeal now? On appeal is the order that eventually was entered by the bankruptcy court nearly a year later, saying that if you have, basically that you don't have 365H rights, if you did, they're divested. So it was the subsequent proceeding that was preserved. And they're divested by what? By the prior sale and by the authority from 363F. I thought the bankruptcy court just said the lease is rejected and it has no value because it's basically a sham. Well, they looked at allegations that were there as to, I don't know if they called it a sham. The restaurant hadn't been operated for years. It hadn't been operated for two years. The same party was on both sides of the lease. So they had the feel of a sham. Well, the allegations were made that there was, Mr. James Dolan was, he was a manager of both parties on the restaurant lease. He was not on as to the Montana Opticom lease. But there was nothing beyond that. There was nothing to say that that had any effect on the commercial reasonability of the lease. They went on to argue that the value of the lease was below market. But then they presented evidence that didn't support that. And, I mean, we could talk about why I think the bankruptcy court's findings in those regards were clearly erroneous, if you look at the record. But, yes, you're right. The bankruptcy judge did make, did use or take those allegations and seemed to use them in his end decision that, regardless, your rights are divested based on all of these factors and inferences that I'm going to take into account. The problem here, and I think what this court can really take into account, is that that standard that he employed diverges from either the majority position or the minority position. There are established lines of cases dealing with this very issue. And the bankruptcy court went off on its own and did a completely separate analysis. So unless you believe that this totality of the circumstances standard should be applied to situations where you have 363 and 365 at play, as opposed to either the majority position or the minority position, you have to reverse. Well, you know, you keep calling majority minority. There's only one court of appeals that's spoken to the issue, and they tend to prevail. They've got the position that you're calling the minority position. That's correct. And when I say majority minority, it's been used in other cases based, I think, upon a numerosity factor. I'm not charging of misusing the term. It's the way that it is being used generally out there in the literature. But I want to point out that the Seventh Circuit is the only circuit that's ever spoken to the question. That's true. And I'm glad you say that because, I mean, the minority position, even if it's not the position we advocated, but even in that position, you'll notice that Qualitech and the cases that follow Qualitech, they agree or it's their opinion that 365H rights can be divested in a 363 sale. Yeah. Okay. But it's a comma and there's a big comma. And what it says is, on the condition that the lessee is provided adequate protection for its interest. They didn't ask for adequate protection here at all, did they? Well, no. I disagree. I think they asked for adequate protection in the alternative pretty much every chance they got. We never got to a point until this order was entered where there was any way to determine what the scope of their interest that were being divested were. They did Qualitech, yes, adequate protection, but that's under 353E, correct? 363E, yes, Your Honor. It is. 363E, right. And here the district court says, sorry, you didn't make a motion under 363E, you're gone. I don't think the district court actually addressed that at all. I'm sorry, the bankruptcy judge. Judge Kirshner did address it, said you made no motion, you're gone on the subsection E. Right. He said because we didn't make a formal motion for adequate protection, our argument is what would we have said in that motion? We had yet to have any interest divested. We didn't know what the scope of the divestment would be, whether it would be divested at all. I don't know what we would have argued for because we didn't know if we yet needed adequate protection. What we did say all the way up until that point is if our interests are divested, we need to be given adequate protection. It would just be a matter of quantifying what adequate protection would be to protect those interests. But the idea that we didn't request it, I believe, is clearly erroneous. We said it every step of the way, that if our interests are divested, we're entitled to adequate protection. But until we know what's going to be divested, we don't know what the value of that is. We can't put a number on it. You're way past your time. I know. I'm sorry, Your Honor. We did it. Thank you. We'll hear from the other side. May it please the Court. I'm James Wallach of Goulston & Storrs, representing the Appellee CHSB Acquisition LLC. I may refer to them as Cross Harbor. Your Honors, you should affirm the decision of the District Court, which affirmed the decision of the Bankruptcy Court, for three basic reasons. I'm going to start with the first one. It really goes to where Judge Block, I think, started his questioning. And that is, what really governs here, 363 or 365, if there is a conflict? And I do believe that this Court should interpret those statutes harmoniously. But the essence of what happened here was property was sold. There's no question about that. That's what 363 addresses. How do you harmonize these two statutes? I guess that's what's puzzling the so-called debate amongst the bankruptcy bar, from what I glean, right? How do you harmonize these two sections? Are they capable of being harmonized, or do you just have to disregard one or not the other? No, they are capable of being harmonized by the Court finding that in a sales situation, 363 governs. And that in a situation where the debtor or the trustee retains the property, but wants to get rid of the lease because the lease is burdensome, 365 governs. There's a separate proceeding, though I have this correct, where you can challenge the viability under 365 of a particular lease without implicating the sale of the asset. Well, what's usually done under 365 is a debtor or a trustee says, this lease is burdensome, I want to reject it. Now, there's something, I understand why you're confused. I mean, if you are. And I would be if I were in your situation, because Judge Kershaw said, you need to reject the lease before I decide this issue. He didn't need to do that. He did have the legal issue before him of whether or not Section 365H rights somehow survived a sale. I would suggest to you that he didn't have to actually ask them to reject the motion, because any sale where the lease isn't assumed, what's going to happen? It's being left behind. And the debtor can't possibly perform it. Why is that the case? Why doesn't it just go with the property? If you're outside of bankruptcy and you sell a piece of property subject to a lease, the buyer takes it subject to the lease. You can't just say, I bought the property, I'm the owner now, I'm kicking you out. But in bankruptcy, Your Honor, in bankruptcy, if you're a buyer, you either say, I want the lease, please assume it and assign it to me, or you leave it behind. It does not automatically walk across the table to you. You, in bankruptcy, that's what the code does, is if you want to buy leases. So let me ask you this. Could not your client have asked the trustee to specifically reject the lease under 365 before there was any asset sale whatsoever? Well, we could have, Your Honor, but it wasn't necessary because we were buying the property. By the way, our view is very clear. We were buying the property free and clear of this lease. What about this order that seems to, 324, seems to say what your opposing counsel says? It says, except any right LSE may have under 11 U.S.C. 365H. Well, Your Honor, you asked an interesting question to opposing counsel. You said, wasn't there a document that governed this sale? There was. There was an asset purchase agreement. The asset purchase agreement said we buy this property subject to certain Where is that? It is in the record. Okay, well, where? I believe it's in our trial exhibits. I can't come up with a page right now. It's not very helpful. What did you think we're going to be doing this morning? Pardon? What did you think we're going to be doing this morning? You know, you want to talk about a document that you say you claim is in the record somewhere. It is in the record. How can I look at it and follow along and understand what you're saying if you're not going to tell me where it is? Let me give you that. Did you bring the excerpts to court with you? Excuse me? You didn't bring the excerpts of record to court with you? I have them there. I just can't. Are those two documents there? No, I have them digitally. That's the problem with having things digitally. You can't put your fingers on them. What does this asset thing say? Yeah, I'm sorry. Do you know where it is? ER 137 to 145 has our exhibit list. And I believe that has the asset purchase agreement. I'm sorry, you can't tell me where it is. ER 137 to 135 has our exhibit list. I'm not asking for exhibit list. I'm asking for this thing that you wrote. Let me continue because I can't put my finger on it right now. In any event, there were. . . You said there's an asset purchase agreement. Yes. And you're about to tell me something about this mysterious document that you can't put your finger on. Right. And that document did not have the leases as permitted encumbrances. So in any event, the question here was what the judge reserved, Your Honor. Well, what do you make of this order that says, look, the one that ER 324. Can you find ER 324? Yes. I see that language where he says that it's subject to whatever rights. . . What do you make of that? It specifically exempts any right the scene may have under 11 U.S.C. 365H. Why isn't that fair notice to your client that that issue remains unresolved? So what he said in that, Your Honor, was that he was going to resolve at a later point in time the legal issue of whether or not the insider leases were entitled to protection under Section 365H. He did resolve that issue at a later time. He resolved it in March 2014. And he found that, no, your 365H rights do not protect you. And that's what we're reviewing. Correct. But if that turns out to be wrong, you're not going to stand there and say, oh, my client didn't have notice of this. No, I'm not going to say that. It didn't take subject to it, and therefore the case is moot because there was no stay. No, Your Honor, I'm not going to say that. Your client took the property subject to a later determination by the Bankruptcy Court whether or not there were rights under 365H. Absolutely correct. And if we should look at what the Bankruptcy Court did and reverse, then your client would have to suffer whatever the consequence of that is. Absolutely. The fact there was no stay doesn't matter. Well, let me get to that point. Let me get to that point later. I thought that was the whole point of this whole discussion, because if, in fact, failure to get a stay renders the case moot, then we don't really get into the Bankruptcy Court's order. They say, look, we took it. We took the sale free and clear. If you wanted to preserve that issue, you have to bring a stay. But it's clear that that's not the case here, right? Your Honor, what we understood, let me just briefly address the stay issue. I do want to get to the merits because I think it's, as you would say, the meat and potatoes. Well, if you just, I mean, if you were to concede, I'm not saying you should, but if you were to concede that this is not moot for failure to have a stay, then we can get on to the merits. If you are maintaining that the case is moot for failure to get a stay, then we'd better talk about it because I'm not understanding what you're talking about. Right. The reason why we believe it's moot is we believe that that order that was entered in March of 2014 was a subsequent sale authorization order. We believe that this was essentially a two-part sale authorization. The first part was sell the property to us, but reserve the right in terms of our entitlement to the property that was really subject to the Pinnacle and Opticom leases. So what happened in 2014 is there was a change in the status quo. Prior to that time, Your Honor, we did not have use and control of this property. We did not have peaceful enjoyment of the property that was subject to the Pinnacle and Opticom leases. I don't understand what you're talking about. What does that have to do with mootness? The issue with this argument is you should have gotten a stay somewhere along the way, and by not getting a stay, the claim moved on and the issue became moot. Here's what it has to do. Your issue is, is this a sale authorization? Is the March 2014 order a sale authorization? Is the one at 323? No. That's not the one at 323. That's the decision that's being appealed here. This is the one you can't find? No. No, it's not the one I can't find. It's another document. Can you find that one? It's the memorandum of decision. Can you find that one? ER 17 to 52. Okay. Which page on 17? Well, that's the whole decision. Well, I know, but you have to rely on something on it. I have 17 to 52 here, but I need a page and line to follow along. You really came to court unprepared, didn't you? No. The main documents are not there for you to talk about. Your Honor, the memorandum of decision. Okay, which page? It starts. I know it starts. I want to know what part you rely on. I'm relying on the conclusions at the very end on pages 34 and 35. Okay. I am looking at 34 and 35. And what line? Where? I'm sorry. This is ER 34, 35, or is it page 34? It's 35 of the memorandum of decision. I see. I can do that. You are talking about ER 50 and 51. Yes. Okay. So a sale of substantially all the debtor's assets to CHSB. Where are you reading from? The very last paragraph. It is ordered? Right. The last paragraph, I see. Right. It is ordered. Okay. Okay. And it goes on that the sale of substantially all the debtor's assets to CHSB acquisition was free and clear of the insider leases, and the debtor's affiliates possess re-interest under the insider leases. I'm sorry. I'm on these pages, but you lost me. Where are you reading from precisely? The very last paragraph. On the last paragraph of the order? Of the order. Okay. Of the decision. Of the decision. It's on page 35 of the decision. So I'm on page 35 or ER 51, the very last paragraph. Yes. Okay. It's further ordered. It's further ordered that CHSB acquisition LLC's motion for determination that the assets are sold free of the insider leases is granted. The sale of substantially all the debtor's assets to CHSB acquisition was free and clear of the insider leases, and the debtor affiliates possess re-interest under the insider leases. Yes. That's the order from which the appeal is being taken. I get that. That is correct. That is correct. You told us that the bankruptcy judge resolved a motion under 365H for rejection of the leases. Where did he do that? This is the decision, Your Honor, the whole decision. I know that. Where he finds that Section 363F governs and that the sale is free and clear of the insider leases. I know that. But the order of sale that we previously reviewed seems to save out a decision under 365H. That's correct. Please don't interrupt. That will be made at a later time. And I'm trying to figure out, okay, when does he decide the 365H issue that has been saved out? I don't find it in this order. Well, it's in this whole decision. Where is it? He keeps discussing whether or not a free and clear sale prevails over 365H rights. But as I read, or at least he argues that I should read the sale order saving out the 365H rights. And now, as I read Judge Kirshner, he just says that the 363 free and clear sale simply overrides. And I think you told me that he resolved the 365H. But maybe you're just telling me he resolved it by saying there is no 365H right. Is that what you're telling me? That's essentially, that's correct, Your Honor. In other words, he ignores the saving out of the 365 provision in the order of sale? What he decided in this decision that's on appeal is that there are no 365H rights in this context. Remember, you focused on the word may. Where is that? I did focus on the word may. Where in the order is that? Well, Your Honor, it's in the whole body of the decision that's on appeal, where he goes into great length looking at the different cases about the tension between section 363 and 365. Okay. Give me a page range. It starts on page 22 of the actual order, and it goes all the way to the end, 35. It's those 13 pages, which is the essence of what's on appeal here. But my problem with this is that I've got a disconnect, and it may be a disconnect with the arguments that both of you are making from time to time, because I heard your adversary also talking about the tension between 363 and 365. But if, in fact, we're supposed to read the order of sale as saving out in the sale, saving out the 365 right, there's no tension whatsoever because the order of sale saves it out, which doesn't try to abolish it. But as I read Judge Kirshner here, he seems to think that the order of sale abolished it. That is correct. So what happened to that accepting out that we have here on ER 324? What happened, Your Honor, is he considered the issue of whether or not section 365H governs in this situation and decided that it didn't. But he seems not to pay any attention to the wording of the order. I mean, there's no dealing with that phrase in the order, saying that either I'm putting it to one side because. I mean, he just doesn't talk about it. Well, he talks about in all of it, in all the language of this, these 13 pages, he talks about the cases which. I read the 13 pages and I read a couple of times. Right. And I think that's his reasoning, which I think is very much supported by what the Seventh Circuit did in the Qualitech case. And I think this is the crux of maybe my confusion, if not other people's confusions. It seems that he dealt with all of these discrete factual matters that pertain to this particular lease. Obviously, this was not a very favored lease. It was an inside deal, et cetera, et cetera. And because he came to that analysis, he said this must be 363. The cases that I read, which apparently the majority of you adopts, seem to be leases which are more valuable. And in those cases, it seemed to me that the court said that, you know, it's a 365 situation. Does it depend upon the quality of the lease here? I'm still trying to carve out conceptually how we get into the specific facts and whether specific facts shape the application of 363 compared to 365. Or once again, do you just look upon this as a matter of statutory interpretation and say that 363 is an asset sale and we don't care about 365? It has no significance or consequence whatsoever. I guess I'm wrestling with trying to harmonize when these two statutes can each have separate application. In this case, they seem to be merged and they don't seem to be analyzed in that context. Well, Your Honor, I don't think it's a matter of whether the lease is valuable or not. I think it is a matter of statutory construction. And again ---- But that's not what the district court did. The district court said that the quality of the leases is what drives this to be a 363 dynamic. They're not worth much. So it's an asset sale. There's not much to save here. 365 seems to be something which is more oriented towards a valuable lease for a separate determination as to whether the quality of that lease is such that it should be saved and not rejected under 365. I'm just trying to get a sense of the process here which is confusing me. I can understand if there's a separate application to the trustee before there's an asset sale that asks the trustee to determine under 365 whether this is a lease that's going to be rejected or not. I can understand that. But I'm a little bit confused here when you seem to tell me that that's really totally nugatory. The only thing that applies is that 363 asset sale. We don't care about anything else. That's the source of my particular confusion. I understand, Your Honor. Again, what we're urging you to do is to follow the reasoning of the Seventh Circuit. That's strictly statutory interpretation. That's right, statutory interpretation. But if you follow the Qualitech decision, then what place does 365 have to play in the entire dynamics of whether or not a lease is going to be rejected or not? It has no application whatsoever. It's an irrelevancy. It's an irrelevancy. What is relevant is. You have a hard time with that. Well, what's relevant, Your Honor, and what we haven't talked about are the protections in Section 363 itself because those are the protections for the tenant. Right. And those say that you cannot sell free and clear unless you satisfy one of those subdivisions. But under 365, they would have rights. There would be a breach of contract. They can sue on the underlying breach of contract. There would be rights preserved as well under 365. Well, under 365, if the lease were rejected, they would have a possessory right. But, again, that isn't what happened here. The essence of what happened here was a 363 sale. And the district court. It was a 363 sale under the terms of the order approving the sale that appears beginning on ER 319? I mean, that's the order of sale that we've been reading from? Yes. And that order of sale contains within it the clause that the other side is relying on that says sale of lease, quote, parenthesis rather, except any right unless he may have under 365H with respect to a valid and enforceable lease, all is determined in a motion brought before the court by proper procedure. This just seems to have disappeared from view when Judge Kirshner writes the order we're appealing from. It just isn't there. Correct. He doesn't talk about it. Well, what he does talk about, though, is he talks about whether Section 365 really applies. That's what the decision is. Do we send this back with determination of the missing aspect here, whether or not this lease should be rejected under 365? I mean, is that the process we should engage in? No. I mean, Your Honor, what we're urging is that you affirm the decision of the district court. I understand that. But if, as Judge Fletcher points out, there's a carve-out here and there are issues that are still extant, namely whether this lease is one that should or should not be rejected under 365, and not the asset sale we're talking about here, do we resolve that? Does that issue have to be resolved? Is that something that's hanging out here that hasn't been addressed? Well, I would say no, Your Honor. I would say no because the bankruptcy court in its subsequent decision found that Section 365 is not applicable. He raised the possible applicability in the sale order. He resolved it in this second order and memorandum decision where he really ---- So that's what you call carve-out you say was resolved in the bankruptcy court's decision, the district court's determination, in effect resolved the 365 issue and rejected the lease, so to speak. Is that what you're saying? What I'm saying is he found, Judge Kersher found, that Section 365 didn't really apply in this situation. Because? Because Section 363 was the sole governing provision. It seems that we're just going around and circling the wagons here. We're trying to find out, I guess, what 365 does apply to. I get your argument, and that is the except clause says, except as they may have. In other words, he's postponing the decision as to the tension between the majority and the minority positions. And then when he gets to his order, he resolves the tension. He says, well, I guess it turns out you don't have any rights. You may have had them. That's what I said before. I'm now deciding you don't. And this is not a true carve-out. This is only saving for later decision, resolving of the tension between the majority and the minority positions. That's your argument. Your Honor, that's my argument, and I would respectfully submit that's the only reasonable way to read these two documents together that Judge Kersher wrote. It's the only reasonable way to read those two documents together. For you to win, we'd still have to agree with him on that, right? Excuse me? For you to win, we'd still have to agree with him on that. Oh, absolutely. That's the whole issue you have to, yeah, you don't agree with him, I lose. And I'm getting back to the mootness point. You're not, you can't possibly argue that the case is not moot for having failed. Can I have two minutes on mootness? I think you've had much more than two minutes. Well, if you want me to respond, I will. Try to hack it in in two sentences. Just very briefly, the question under 363M is, is this order that was entered on March 2014 a sale authorization? I would argue that this is what authorized the sale, free and clear, of those leases. You may be right, but so what? Well, if I'm right, 363M applies. But there's nothing to stay. If it doesn't, if that order doesn't extinguish, doesn't extinguish their rights, there's no reason to stay it. Why stay anything if it doesn't? The point of staying is you're saying you don't want the buyer to go off buying something and then finding out, you know, he has less than he bought. But if you admit that this thing was carved out, then what is it to stay? What should have been stayed is the March order. The March 2014 order should have been stayed. Not the prior order. Why? Because that's the order that essentially said we get the property free and clear of the leases. This order, which I pointed to you, the last paragraph, that is the order. Until that point in time, they're not authorized to sell this property to us free and clear of these two leases. That was the seminal event which said the conveyance of this property is free and clear of those leases. After that point, and only after that point, Your Honor, and this is in the record, after that point, we took possession. We didn't take possession of the restaurant until then. They stripped away. But it's subject to an appeal. The order is subject to an appeal. Why doesn't that inherently give you notice that the thing might be wrong? Well, Your Honor, that's the whole point of Section 2. It's not like you have an earlier order, and then other things happen, and you say, well, we bought the property, and we don't want to be bound by what happened. This is the order that's subject to the appeal. The order subject to the appeal is the March order, right? The order enters. They didn't seek a stay. Well, how can you think they're going to take it free and clear when the order is subject to an appeal? This order is not subject to an appeal. I'm sorry. I thought that's the order we're reviewing. I thought that's pointing to the order that we are reviewing. Well, it doesn't say that it's subject to an appeal. I'm miscommunicating to you. I apologize. Nothing in this order. It is, in fact, the order that's subject to an appeal. It's the order that they appealed. It's not — it doesn't say it's subject to an appeal at all. Okay. I think I understand your argument. Well, so, Your Honor, I mean, you've written on 363M issues in the Mann case. That was a case where there was a relief from the automatic stay, and you said that that was subject to 363M. This case, this is an analogous case. What happened here was that in March 2014, this second order that the bankruptcy judge entered is what gave us peaceful use and enjoyment of this property. We didn't have it before then. That's clear in the record before you. It's clear from the briefs. It's clear from the declaration of Mr. Middleton in the record. Only then did we take possession. And that's when they needed to come forward and seek a stay under 363M. Here we are three years later. We've been operating this restaurant for three years, employing 40 people in the restaurant, spending over, you know, close to a million dollars to refit it. They want to kick us out. They want you to kick us out. And, by the way, they didn't even operate the restaurant for the three years before. It's been six years. We respectfully submit that that's what the mootness provisions of 363M are intended to do. They're intended to give us finality. Thank you. You're way over your time. We'll give you two minutes for rebuttal. Thank you for the extra time. Quickly, regarding mootness, the principles of mootness do not apply in this case. The cases that address it address situations where 363M is specifically there to protect innocent parties from uncertainty. And in this case, you have a party who agreed to that uncertainty. They agreed to purchase assets subject to the very uncertainty that we're dealing with today. The issues that he just raised regarding employing people and spending money, those are irrelevant. Those only go to equitable mootness. And, as I said, they don't argue equitable mootness. Can I get back to the merits? I mean, I think I finally understood the argument from the other side with respect to, I'll call it, the carve-out clause that we've got here on ER-324. It was an argument that had occurred to me before, and I think I finally understood him to make it. And it might have been my slowness in understanding. But one way to read this carve-out is that I, Judge Kirshner, am reserving for later decision the question as to whether or not a free and clear sale overrides 365H. Not that you have 365H rights, but you may have them, and I haven't yet decided that. Why is that not the right reading of that carve-out clause? I think the carve-out clause does say that I haven't decided yet whether or not you have 365H rights. But that means whether you have 365H rights at all or whether you can make a motion under 365H. I mean, those are two very different questions. Right. Yeah. So the reading I'm proposing to you and asking you why that's an unreasonable reading is, he says, I'm now reading this as saying, I haven't decided whether a free and clear sale under, is it 5363? What are my numbers here? 363, Your Honor. Under 363, I haven't yet decided whether a sale under 363H simply overrides and eliminates any rights you might have under 365H. That I'm going to decide later. Why is that the wrong reading of this carve-out clause? Well, I don't think that's what it says. It says that these interests are divested except, it's almost, he makes a decision, all these interests are divested except this specific interest, if it exists. And that interest is 365H rights. But that depends. As you see the word may here, the function it serves is ambiguous. Well, I think it's if, to the extent they exist. So they may exist. They may exist in one sense or another. I mean, it may be he's saying, I'm going to let you make the 365H motion and decide that motion on its merits. That's one way of reading it. Or he's going to say, I'm going to decide whether you get to make a 365 motion at all. That's another way of reading it. And he seems to have read it the second way because in his order of March 10, 2014, he only addresses the tension between 365 and 363. I agree. But I disagree with that reading. And I think, you know, one of our arguments in our brief is that Judge Kirchner erred in not doing that because he preserved the issue of determining whether or not we had valid 365H rights. And that's the only issue he preserved. But in the order that is on appeal today, he didn't do that. He jumped right to whether or not 363 can trump. He jumped to the second reading that I proposed without making it articulate that there are two possible readings and I'm choosing this one. He just jumped to that reading. Right. And I think that's wholly contrary to the sale order and the exception language in the sale order. You can't read them both consistently. And that's one of our main arguments in our brief. And if I could take 10 seconds regarding adequate protection. I'm sorry, Your Honor. I think it's important. We haven't talked about this and it hasn't been in the brief, but it's important to read these leases and understand that they are ground leases, where my client was leasing the ground and that it had the obligation to spend millions of dollars building this restaurant that Cross Harbor now possesses and that pursuant to the leases, my clients owned that restaurant. They owned all improvements. So arguably to this day, well, number one, a building that the debtor didn't own couldn't have been sold. Arguably to this day, we continue to own that building that they're in. And at the very least, this order effectuates a dispossession of an improvement that we own. They didn't ask for adequate protection, did they? You say they did? Well, we argue that if you take our stuff and take our interests, we're entitled to adequate protection. Yes, absolutely. We asked for it. You haven't made a request for that before. Well, we didn't make a request for a specific dollar amount, but we said, no, we did before. Absolutely. At every juncture, we said that if we are divested, not only of our ground lease rights. So adequate protection is really dependent upon reversing the decision that we are dealing with here. That's what you consider adequate protection to win your case, right? I bring it up. It's a separate concept than adequate protection under the concept of the bankruptcy law. Well, and it's a key concept in the minority line of cases, which is what Cross Harbor has argued. And I just think it's an important point to know that there's a distinction between the ground lease and the fact that we've actually been divested from a building that we own and that there is a significant value in that particular interest. Here's Judge Kirshner's response to that argument. I'm on page 34, ER 50. Judge Kirshner writes, the debtor affiliates have provided no evidence that they will suffer any economic harm if their possessory interests are terminated in the absence of any request for adequate protection or allegation that some harm will result. The court finds that any claim that the debtor affiliates may have for adequate protection under 363E have not been established. Why is he wrong? Well, up to that point, there was never an evidentiary hearing of any type in order to actually prove what damages would be. And number two, as I mentioned before, at that point, we didn't know what would be divested. We could have been just thrown off the land on one. We could have been just on one lease. Again, we own a building. We had no idea what the scope of any divestment would be in order to articulate a loss. But obviously, when we're pleading in the alternative that if we are divested, our interests have to be adequately protected, we're advocating a position that we are going to suffer a loss. It's just from a dollar standpoint, we were unable to articulate it at that point. I think he erred in that regard as well. Thank you, Your Honor. Okay, thank you. The case is argued. We'll stand some minutes. We're adjourned.
judges: Kozinski, W. Fletcher, Block